**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID MCCLEAVE, | : | |
| | : | Civil Action No. 15-1560(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| J.T. SHARTLE, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was unaccompanied by the $5.00 filing fee or an in forma pauperis (IFP) application.  See Doc. No. 1 ("Petition").  Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey, imprisoned after pleading guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), in the U.S. District Court, District of New Jersey on August 13, 2008. (Pet. ¶¶ 2, 4); U.S. v. McCleave, 335 F. App'x. 247, 248 (3d Cir. 2009).  Based on his career offender status, the court

sentenced Petitioner to 151 months imprisonment.  McCleave, 335 F. App'x 248-49.

Petitioner filed a direct appeal, asserting his sentence was unreasonable, and the sentencing court did not meaningfully consider the mitigation factors of 18 U.S.C. § 3553(a).  (Pet. ¶ 7); McCleave, 225 F. App'x at 248.  The Third Circuit affirmed Petitioner's sentence.  McCleave, 225 F. App'x at 250.  Petitioner did not seek post-conviction relief under 28 U.S.C. § 2255, and he is now barred from doing so by the statute of limitations.  (Pet. ¶ 10.)

In the Petition at bar, Petitioner contends he is actually innocent of being a career offender because his prior drug convictions were not serious enough to qualify.  (Pet. at 2.) He asserts that a petitioner may seek relief under § 2241 where "an invalid prior predicate [was] used to designate a defendant as a career offender," citing Persaud v. U.S., 134 S.Ct. 1023 (2014)   (Attach. to Pet. at 2.)

In Persaud, the Supreme Court granted the Government's request for a GVR order,[1] thereby granting certification, vacating the judgment, and remanding for further proceedings

---

[1] Pursuant to 28 U.S.C. § 2106, the Supreme Court has the power, at the Government's request based on its new statutory interpretation, to issue a GVR Order, an order granting certiorari, vacating the judgment below, and remanding the case for further proceedings.  Lawrence on Behalf of Lawrence v. Chater, 516 U.S. 163, 166 (1996).

without further discussion.  Persaud, 134 S.Ct. at 1023.  In its filing with the Supreme Court, the Government argued that lower courts erred in interpreting the savings clause of 28 U.S.C. § 2255.  Brief for the United States at 15-22, Persaud, 134 S.Ct. 1023 (No. 13-6435).  The savings clause allowed a prisoner who was barred from seeking relief under § 2255 to proceed under § 2241, but the courts limited savings-clause relief to situations in which "the substantive law has changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Id. at 16-17, and n. 7.  The Government contended that the savings clause should also apply where "a sentence [was] imposed above the otherwise-applicable statutory maximum based on a legal error." Id. at 19.

Petitioner's attack on his sentence is not cognizable under § 2241 because a Supreme Court GVR order is not binding precedent.  See Kenemore v. Roy, 690 F.3d 639, 643 (5th Cir. 2012) (issuance of a GVR is not a decision on the merits); Gonzalez v. Justices of Mun. Ct., 420 F.3d 5, 7 (1st Cir.2005)( "[e]ven for the court to which the decision is remanded, a GVR order does not carry any "precedential weight," and should not be "treat[ed] ... as a thinly veiled direction to alter[ ] course.")  The law of the Third Circuit governs this Court, absent a binding Supreme Court decision to the contrary.  See Rodriguez v. Thomas, Civil No. 1:14-CV-1121, 2015 WL 179057, at

3

\*4 (M.D. Pa. Jan. 14, 2015)(declining to follow Persaud because GVR order was not binding and decision conflicted with Third Circuit precedent).

    A federal prisoner may challenge the legality of his conviction or sentence, once the conviction is final, only through a motion filed pursuant to 28 U.S.C. § 2255.  Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 is not inadequate or ineffective merely because a petitioner is precluded by the prohibition on second or successive petitions from bringing a new claim under § 2255.  Alexander v. Williamson, 324 F. App'x 149, 151 (3d Cir. 2009)(quoting Cradle v. U.S. ex rel Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)(per curiam)).

    A § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(quoting Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)(internal quotation marks omitted).  In this context, "wrongful detention" means that (a) the petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision"; and (b) the

4

petitioner is barred from filing a § 2255 petition.  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Petitioner's drug offense remains a criminal offense, and Petitioner challenges the validity of his sentence under the Career Offender Act.  In the Third Circuit, such claims are not cognizable under § 2241.  See Okereke, 307 F.3d at ("[u]nlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.")

In light of the foregoing, the Court lacks jurisdiction over the petition under § 2241.[2]


Dated: March 11, 2015

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**

---

[2] Petitioner will be directed to pay his $5 filing fee or submit his in forma pauperis application.  See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009)(citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)(the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim).